10 CRIM. 325

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,  : INDICTMENT

-v.-  : 10 Cr. _____ (\_\_\_\_\_)

RICHARD WERDIGER, a/k/a "Trygon,"  :

　　　　　　Defendant.  :

- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-13-10

COUNT ONE
(Conspiracy)

The Grand Jury charges:

### The Defendant and His Companies

1.  At all times relevant to this Indictment, RICHARD WERDIGER, a/k/a "Trygon," the defendant, resided in the State of New York.

2.  At all times relevant to this Indictment, RICHARD WERDIGER, a/k/a "Trygon," the defendant, owned, operated, and controlled, among other companies, Michael Werdiger, Inc. ("MWI"). Among other things, MWI engaged in the business of selling diamond and other jewelry. At all times relevant to this Indictment, MWI's principal place of business was in Manhattan.

### Obligations of United States Taxpayers With Respect to Foreign Financial Accounts

3.  Citizens and residents of the United States who have income in any one calendar year in excess of a threshold amount ("United States taxpayers") are obligated to file a U.S. Individual Income Tax Return, Form 1040 ("Form 1040"), for that

calendar year with the Internal Revenue Service ("IRS"). On such return, United States taxpayers are obligated to report their income from any source, regardless of whether the source of their income is inside or outside the United States. In addition, on Schedule B of Form 1040, the filer must indicate whether "at any time during [the relevant calendar year]" the filer had "an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account." If the taxpayer answers that question in the affirmative, then the taxpayer must indicate the name of the particular country in which the account is located.

4. Separate and apart from the obligation to file Forms 1040, United States taxpayers who have a financial interest in, or signature authority over, a financial account in a foreign country with an aggregate value of more than $10,000 at any time during a particular calendar year are required to file with the IRS a Report of Foreign Bank and Financial Accounts, Form TD F 90-22.1 ("FBAR"). The FBAR for any calendar year is required to be filed on or before June 30 of the following calendar year. The FBAR requires that the filer identify the financial institution with which the financial account is held, the type of

account (either bank, securities, or other), the account number, and the maximum value of the account during the calendar year for which the FBAR is being filed.

### **UBS AG**

5. At all time relevant to this Indictment, UBS AG ("UBS") was a corporation organized under the laws of Switzerland. UBS, directly and through its subsidiaries, operated a global financial services business. Among other things, UBS provided banking, wealth management, and asset management services to United States taxpayers, including many who lived and/or worked in the Southern District of New York.

6. Beginning in or about at least 2000, UBS, through various of its employees, engaged in a scheme to assist United States taxpayers who had accounts at UBS in concealing the existence of UBS accounts, and the income earned in UBS accounts, from the IRS.

7. Among the means by which UBS assisted certain United States taxpayers who had accounts at UBS in Switzerland in concealing the existence of such UBS accounts, and the income earned in such UBS accounts, from the IRS, were the following:

    a. Using sham "foundations" formed under the laws of Liechtenstein to conceal, from the IRS and others, the ownership by a United States taxpayer of a particular UBS account;

b. Using sham corporations formed under the laws of Panama, among other countries, to conceal, from the IRS and others, the ownership by a United States taxpayer of a particular UBS account;

c. Failing to send to the United States account statements for the UBS accounts of United States taxpayers; and

d. Accepting and including in UBS's account records IRS forms that falsely and fraudulently stated that a non-United States corporation was the beneficial owner of a particular UBS account when, in truth and in fact, and as UBS well knew, a United States taxpayer was the beneficial owner of that UBS account.

### **WERDIGER'S Accounts at UBS**

8. RICHARD WERDIGER, a/k/a "Trygon," the defendant, maintained at least the following accounts at UBS (collectively, the "WERDIGER UBS Accounts"):

a. In or about 1986, WERDIGER opened and caused to be opened Account Number XXX-XXX225 in the name of the Kinder Foundation, a Liechtenstein-based foundation (the "Kinder 225 Account"). The beneficial owner of the Kinder 225 Account was WERDIGER.

b. In or about June 1988, WERDIGER opened opened and caused to be opened Account Number XXX-XXX411 in the

name of the Kinder Foundation (the "Kinder 411 Account"). The beneficial owner of the Kinder 411 Account was WERDIGER.

   c. In or about June 1988, WERDIGER opened and caused to be opened Account Number XXX-XXX634 in the name of the Kinder Foundation (the "Kinder 634 Account"). The beneficial owner of the Kinder 634 Account was WERDIGER.

   d. In or about June 1988, WERDIGER and another person (the "Other Bryden Accountholder") opened, and caused to be opened, Account Number XXX-XXX951 in the name of the Bryden Foundation, a Liechtenstein-based foundation (the "Bryden Account"). The beneficial owners of the 951 Account were WERDIGER and the Other Bryden Accountholder.

   e. In or about December 2000, WERDIGER opened, and caused to be opened, Account Number XXX-XXX560 in the name of Alexa Investments Corp., a Panamanian corporation (the "Alexa Account"), a corporation that had been set up for the purposes of concealing WERDIGER's beneficial ownership of an account at UBS. In fact, the beneficial owner of the Alexa Account was WERDIGER.

  9. RICHARD WERDIGER, a/k/a "Trygon," the defendant, engaged in, among other transactions, the following transactions and interactions with respect to the WERDIGER UBS Accounts:

   a. In or about 1988, WERDIGER executed a form that permitted him to use in certain communications with UBS a code name -- "Trygon" -- instead of his given name.

b. On or about January 20, 2000, WERDIGER spoke by telephone with a representative of UBS about meeting in the United States. During that call, WERDIGER stated, in substance and in part, that he did not want to meet in New York and instead preferred to meet in London or Geneva, where he traveled on business.

c. In or about October 2003, WERDIGER gave UBS a standing order to transfer $125,000 per quarter and up to $500,000 per year from the Alexa Account to the UBS account of a business partner (the "Partner's UBS Account").

d. On or about May 24, 2005, WERDIGER received at his Manhattan office a telephone call from a representative of UBS and indicated, in substance and in part, that he did not want to discuss matters on the telephone and, instead, wished to discuss matters on his next trip to London or Brussels.

e. In or about November or December 2005, WERDIGER requested that approximately $4.2 million be transferred from the Alexa Account to the Kinder 225 Account.

f. In or about November or December 2005, WERDIGER requested that $4 million be transferred from the Kinder 225 Account to an account at LGT Bank in Vaduz, Luxembourg (the "LGT Account"). On or about December 13, 2005, $4 million was transferred from the Kinder 225 Account to the LGT Account, as WERDIGER had requested. Eventually, on or about June 30, 2009,

WERDIGER filed an FBAR for calendar year 2008 in which he admitted owning the LGT Account.

g.  In or about November or December 2005, WERDIGER closed, and caused to be closed, the Alexa Account and the balances to be transferred to the Kinder 225 Account.

h.  In or about March and April 2006, WERDIGER closed, and caused to be closed, the Kinder 634 Account and the Kinder 411 Account and the balance of the assets transferred to the Kinder 225 Account.  Around the same time, WERDIGER requested that $1.326 million be transferred from the Kinder 634 Account to the Partner's UBS Account.  On or about April 13, 2006, approximately $1.326 million was transferred from the Kinder 634 Account to the Partner's UBS Account, as WERDIGER had requested.

i.  On or about November 9, 2006, WERDIGER requested by telephone that $600,000 be transferred from the Kinder 225 Account to another UBS account for the repayment of a loan to WERDIGER by a business partner of WERDIGER's.  On or about January 17, 2007, $600,000 was transferred from the Kinder 225 Account to another UBS account, as WERDIGER had requested.

j.  On or about November 5, 2008, WERDIGER attended a meeting with a UBS banker in Belgium and instructed him to close the Kinder 225 Account and transfer the balance to an account at HSBC Bank in Geneva, Switzerland.  Pursuant to that request, in or about January 2009, approximately $322,000 was

transferred from the Kinder 225 Account to an account at HSBC Bank in Geneva, Switzerland.

10. As of December 31 of the calendar years indicated below, the WERDIGER UBS accounts had net assets in the approximate amounts listed below:

| Account | 2003 | 2004 | 2005 | 2006 | 2007 | 2008 |
|---|---|---|---|---|---|---|
| Kinder 225 | -$2,361,298 | $2,214 | $202,017 | $936,264 | $336,861 | $332,427 |
| Kinder 411 | $69,334 | $69,069 | $70,088 | | | |
| Kinder 634 | $2,490,682 | $1,797,088 | $1,966,686 | | | |
| Bryden | $1,943,324 | $1,832,022 | $1,781,997 | $1,768,300 | $1,835,411 | $1,823,632 |
| Alexa | $4,890,430 | $3,433,837 | | | | |
| **Totals** | $7,032,472 | $7,134,230 | $4,020,788 | $2,704,564 | $2,172,272 | $2,156,059 |

### WERDIGER'S Tax Returns and FBARs

11. On or about July 23, 2004, RICHARD WERDIGER, a/k/a "Trygon," the defendant, filed and caused to be filed with the IRS a U.S. Individual Income Tax Return, Form 1040, for calendar year 2003. On the return, WERDIGER reported an Adjusted Gross Income of $1,097,780 and total tax of $311,249. However, WERDIGER falsely and fraudulently failed to report as income dividends, interest, and other income received by him in one or more bank, securities, and other financial accounts at UBS. On Schedule B attached to the return, WERDIGER falsely and fraudulently indicated that he did not have an interest in or a signature authority over a financial account in a foreign country. Also, as a result of his signatory or other authority

8

over the WERDIGER UBS Accounts, WERDIGER was required to file an FBAR for calendar year 2003, but WERDIGER failed to do so.

12. On or about October 14, 2005, RICHARD WERDIGER, a/k/a "Trygon," the defendant, filed and caused to be filed with the IRS a U.S. Individual Income Tax Return, Form 1040, for calendar year 2004. On the return, WERDIGER reported an Adjusted Gross Income of $1,527,002 and total tax of $384,842. However, WERDIGER falsely and fraudulently failed to report as income dividends, interest, and other income received by him in one or more bank, securities, and other financial accounts at UBS. On Schedule B attached to the return, WERDIGER falsely and fraudulently indicated that he did not have an interest in or a signature authority over a financial account in a foreign country. Also, as a result of his signatory or other authority over the WERDIGER UBS Accounts, WERDIGER was required to file an FBAR for calendar year 2004, but WERDIGER failed to do so.

13. On or about July 25, 2006, RICHARD WERDIGER, a/k/a "Trygon," the defendant, filed and caused to be filed with the IRS a U.S. Individual Income Tax Return, Form 1040, for calendar year 2005. On the return, WERDIGER reported an Adjusted Gross Income of $2,562,845 and total tax of $549,483. However, WERDIGER falsely and fraudulently failed to report as income dividends, interest, and other income received by him in one or more bank, securities, and other financial accounts at UBS. On

Schedule B attached to the return, WERDIGER falsely and fraudulently indicated that he did not have an interest in or a signature authority over a financial account in a foreign country. Also, as a result of his signatory or other authority over the WERDIGER UBS Accounts, WERDIGER was required to file an FBAR for calendar year 2005, but WERDIGER failed to do so.

14. On or about April 15, 2007, RICHARD WERDIGER, a/k/a "Trygon," the defendant, filed and caused to be filed with the IRS a U.S. Individual Income Tax Return, Form 1040, for calendar year 2006. On the return, WERDIGER reported an Adjusted Gross Income of $7,461,087 and total tax of $1,333,684. However, WERDIGER falsely and fraudulently failed to report as income dividends, interest, and other income received by him in one or more bank, securities, and other financial accounts at UBS. On Schedule B attached to the return, WERDIGER falsely and fraudulently indicated that he did not have an interest in or a signature authority over a financial account in any foreign country.

15. On or about April 13, 2007, RICHARD WERDIGER, a/k/a "Trygon," the defendant, filed and caused to be filed with the IRS an FBAR for calendar year 2006. On his 2006 FBAR, WERDIGER indicated that he had an interest in a financial account at the Bank of Bermuda in Bermuda, but falsely and fraudulently

failed to disclose financial accounts at any other institution or in any other country.

16. On or about July 29, 2008, RICHARD WERDIGER, a/k/a "Trygon," the defendant, filed and caused to be filed with the IRS a U.S. Individual Income Tax Return, Form 1040, for calendar year 2007. On the return, WERDIGER reported an Adjusted Gross Income of $1,323,185 and total tax of $326,208. However, WERDIGER falsely and fraudulently failed to report as income dividends, interest, and other income received by him in one or more bank, securities, and other financial accounts at UBS. On Schedule B attached to the return, WERDIGER falsely and fraudulently indicated that he did not have an interest in or a signature authority over a financial account in any foreign country other than Bermuda.

17. On or about July 8, 2008, RICHARD WERDIGER, a/k/a "Trygon," the defendant, filed and caused to be filed with the IRS an FBAR for calendar year 2007. On his 2007 FBAR, WERDIGER indicated that he had an interest in a financial account at the Bank of Bermuda in Bermuda, but falsely and fraudulently failed to disclose financial accounts at any other institution or in any other country.

18. RICHARD WERDIGER, a/k/a "Trygon," the defendant, deliberately misled his tax preparer with respect to calendar years 2003 through 2007, among other years, by failing to

disclose to his tax preparer, among other things, the existence of the WERDIGER UBS Accounts and the income earned in these accounts.

### Statutory Allegations

19. From at least in or about 1986 through in or about March 2009, in the Southern District of New York and elsewhere, RICHARD WERDIGER, a/k/a "Trygon," the defendant, together with UBS, a co-conspirator not named as a defendant herein, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to defraud the United States of America and an agency thereof, to wit, the IRS.

20. It was a part and an object of the conspiracy that RICHARD WERDIGER, a/k/a "Trygon," the defendant, UBS, a co-conspirator not named as a defendant herein, and others known and unknown, unlawfully, willfully, and knowingly would and did defraud the United States of America and the IRS by impeding, impairing, defeating, and obstructing the lawful governmental functions of the IRS in the ascertainment, computation, assessment, and collection of income taxes.

### Overt Acts

21. In furtherance of the conspiracy and to effect its illegal object, RICHARD WERDIGER, a/k/a "Trygon," the defendant,

committed the following overt acts, among others, in the Southern District of New York and elsewhere:

    a.   On or about January 20, 2000, WERDIGER spoke by telephone with a representative of UBS about meeting in the United States. During that call, WERDIGER stated, in substance and in part, that he did not want to meet in New York and instead preferred to meet in London or Geneva, where he traveled on business.

    b.   On or about May 24, 2005, WERDIGER received at his Manhattan office a telephone call from a representative of UBS and indicated, in substance and in part, that he did not want to discuss matters relating to his account on the telephone and, instead, wished to discuss such matters on his next trip to London or Brussels.

    c.   On or about September 28, 2005, in the Southern District of New York, WERDIGER signed, under penalty of perjury, a U.S. Individual Income Tax Return, Form 1040, for calendar year 2004.

(Title 18, United States Code, Section 371.)

### COUNTS TWO THROUGH SIX
(Subscribing to False U.S.
Individual Income Tax Returns)

22.   The factual allegations of paragraphs 1 through and including 18 and 21 are restated as if fully alleged herein.

23. On or about the filing dates listed below, in the Southern District of New York and elsewhere, RICHARD WERDIGER, a/k/a "Trygon," the defendant, unlawfully, willfully, and knowingly did make and subscribe U.S. Individual Income Tax Returns, Forms 1040, for the calendar years listed below, which returns contained and were verified by the written declaration of WERDIGER that they were made under penalties of perjury, and which returns WERDIGER did not believe to be true and correct as to every material matter, in that WERDIGER: (a) failed to report as income dividends, interest, and other income received by him in one or more bank, securities, and other financial accounts at UBS; and (b) failed, on Schedule B, Part II, line 7a, to report that he had an interest in, or a signature or other authority over, bank, securities, and other financial accounts in Liechtenstein and/or Switzerland, whereas WERDIGER then and there well knew and believed that he had received income in one or more accounts at UBS and had an interest in, or a signature or other authority over, bank, securities, and other financial accounts in Liechtenstein and/or Switzerland:

| Count | Calendar Year | Approximate Date of Filing |
|---|---|---|
| Two | 2003 | July 23, 2004 |
| Three | 2004 | October 14, 2005 |
| Four | 2005 | July 25, 2006 |
| Five | 2006 | April 15, 2007 |

| Count | Calendar Year | Approximate Date of Filing |
|---|---|---|
| Six | 2007 | July 29, 2008 |

(Title 26, United States Code, Section 7206(1);
Title 18, United States Code, Section 2.)

### COUNTS SEVEN AND EIGHT
(Willful Failure to File Reports of
Foreign Bank and Financial Accounts)

The Grand Jury further charges:

24. The factual allegations of paragraphs 1 through and including 18 and 21 are restated as if fully alleged herein.

25. On or before the filing due dates listed below, in the Southern District of New York and elsewhere, RICHARD WERDIGER, a/k/a "Trygon," the defendant, did unlawfully, knowingly, and willfully fail to file with the Commissioner of the IRS an FBAR disclosing that he had a financial interest in, and signature and other authority over, a bank, securities, and other financial account in a foreign country, to wit, at least one foreign bank, securities, and other financial account at UBS, which had an aggregate value of more than $10,000 during the years listed below:

| Count | Calendar Year | Due Date to File FBAR |
|---|---|---|
| Seven | 2004 | June 30, 2005 |
| Eight | 2005 | June 30, 2006 |

(Title 31, United States Code, Sections 5314 and 5322(a);
Title 31, Code of Federal Regulations, Sections 103.24, 103.27(c, d), and 103.59(b); Title 18, United States Code, Section 2.)

## COUNTS NINE AND TEN
(False Reports of Foreign Bank
and Financial Accounts)

The Grand Jury further charges:

26. The factual allegations of paragraphs 1 through and including 18 and 21 are restated as if fully alleged herein.

27. On or about the filing dates listed below, in the Southern District of New York and elsewhere, RICHARD WERDIGER, a/k/a "Trygon," the defendant, did knowingly and willfully make a false, fictitious, and fraudulent statement and representation on the FBARs filed for the periods listed below, to wit, WERDIGER failed to disclose that he had a financial interest in, and signature and other authority over, one or more bank, securities, and other financial accounts in a foreign country, including at least one foreign bank, securities, and other financial account at UBS in Switzerland, which account or accounts had an aggregate value of more than $10,000 during the years listed below:

| Count | Calendar Year | Date of Filing of False FBAR |
|---|---|---|
| Nine | 2006 | April 13, 2007 |
| Ten | 2007 | July 8, 2008 |

(Title 31, United States Code, Sections 5314 and 5322(a);
Title 31, Code of Federal Regulations, Sections 103.24 and
103.59(d); Title 18, United States Code, Section 2.)


_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

RICHARD WERDIGER, a/k/a "Trygon,"

Defendant.

INDICTMENT

10 Cr. _____ (_____)

(18 U.S.C. § 371; 26 U.S.C. § 7206(1);
   31 U.S.C. §§ 5314 and 5322(a);
31 C.F.R. §§ 103.24, 103.27(c, d), and
   103.59(b, d); 18 U.S.C. § 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
                     Foreperson.

4-13-10
MB         Filed indictment under seal... Ellis, USMJ